**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**DEBRA BERNICE BREWER**                                        **PLAINTIFF**

**V.**                                         **NO. 3:13CV00013-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                        **DEFENDANT**

**MEMORANDUM OPINION**

This cause is before the court on the claimant's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her applications for a period of disability and disability insurance benefits and for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner applied the correct legal standards, and her decision is supported by substantial evidence in the record for the reasons set out below.

During a hearing on this matter on August 27, 2013, the court found that the only issue presented that required further consideration--the remaining issues raised in the claimant's brief being without merit--was whether it was proper for the ALJ to rest her determination that the claimant could return to her past relevant work on the VE's description of how those jobs are generally performed in the nationally economy as provided in the DOT. Accordingly, the court recessed the hearing and reconvened the matter the following day after further consideration.

In this case, the claimant essentially argues that the ALJ failed to fully develop the record

with regard to the specific demands of her past relevant work, thereby violating Social Security Ruling 82-62 ("SSR 82-62"). During the reconvened telephonic hearing of this matter on August 28, counsel for the claimant further stressed the argument that the ALJ essentially failed to obtain an assessment of the physical demands of the claimant's past jobs from the claimant and failed to fully develop the issue and explain it in her decision as required by SSR 82-62.

At step 4 of the sequential evaluation process, the ALJ determined that the claimant had an RFC of the full range of light duty work without any other limitations. Work background information in the claimant's Disability Report forms show only the titles of the claimant's past relevant jobs, "car hop" and "cashier," and no testimony was elicited from the claimant during the administrative hearing regarding the physical demands of those jobs. Nevertheless, during his testimony, the VE identified the "car hop" job as DOT 311.477-010 with an exertional level of light and as unskilled, SVP 2. He identified the "cashier-checker" job as DOT 211.462-014 with an exertional level of light, SVP 3, semi-skilled. The VE gave no other substantive testimony.

The court has determined that an ALJ may rely on either descriptions of the actual functional demands and job duties of the claimant's particular past relevant job or the functional demands and job duties of the occupation as generally required by employers in the national economy. *See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). *See also* SSR-82-61. In her decision, the ALJ referenced the VE's testimony regarding the DOT descriptions[1] of the claimant's past work and concluded that the claimant could return to her past relevant work as a car hop and a cashier/checker. The ALJ further stated that "[i]n comparing the claimant's

---

[1] The court notes that the DOT descriptions referenced by the VE for car hop and cashier/ checker contain detailed information about the strength, endurance, manipulative ability, mental demands, and other requirements for said jobs.

residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed."[2]

The court finds the ALJ's determination that the claimant could return to her past work is supported by substantial evidence in the record because the ALJ relied upon the VE's description of claimant's past work as it is generally performed in the national economy. Indeed, the claimant could point to no evidence in the record that her past work was actually performed in a way other than it generally is in the national economy. Nor did the claimant, who was represented by counsel at the administrative hearing, challenge the VE's characterization of her past work on cross-examination or otherwise at the administrative level. Moreover, the claimant has made no argument to this court that the demands of her past work exceeded the RFC found by the ALJ. Ultimately, the court must remind the claimant that it was her burden through step 4 of the sequential evaluation process to prove that she was disabled. Interestingly, the claimant's Disability Report forms indicate that the claimant had every opportunity to supply the Administration with very detailed information about the demands of her past relevant jobs, but failed to do so. Therefore, because this court has determined that the ALJ's RFC finding was supported by substantial evidence, and the demands of the claimant's past relevant jobs as testified to by the VE did not exceed the claimant's RFC, the ALJ's step 4 determination that the claimant could return to her past work is supported by substantial evidence, and no legal error was committed.

---

[2]Contrary to the suggestion in the claimant's Supplemental brief [20], these statements by the ALJ, coupled with her earlier RFC finding, incorporate each of the specific findings of fact required by SSR 82-62:

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past job/occupation.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

For these reasons, the decision of the Commissioner should be affirmed. A separate final judgment will be entered forthwith.

This, the 29th August, 2013.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE